SENNOTT, Respondent, v. SEEBER and another, Appellants.

*February 6—March 3, 1959.*

For the appellants there was a brief by *Cavanagh, Mittel-staed, Sheldon, Heide & Hartley* of Kenosha, and oral argument by *William A. Sheldon*.

For the respondent there was a brief and oral argument by *R. Stanley Kelly* of Burlington, and *Vilas H. Whaley* of Racine.

BROWN, J.   Appellant's principal point is that these are relatively minor injuries and do not warrant any such amount as the jury awarded.

The plaintiff already had some arthritis before the accident and two years ago had also been hospitalized for diabetes. Appellant first contends that it is the plaintiff's burden to segregate that portion of the hospital bill which is a result of the accident from that which might be attributed to other causes and make the same separation respecting loss of wages. We are not concerned with the hospital bill. Mrs. Sennott's husband sued for that and collected. That case is over and is not before us.

Hospitalization concerns only Mrs. Sennott's pain and suffering. The time of her leaving the hospital has slight bearing, if any, on that. Quite likely the jury might consider that she would have had less pain and more comfort the longer she stayed under hospital care.

Whether that be so or not, on the date of the accident Mrs. Sennott's regular doctor was away. Another doctor, Granzeau, treated her until her family physician returned and took over the case on September 30, 1955. That doctor died before trial. Granzeau testified as far as he was permitted to do so concerning conditions he found while he was in attendance but when plaintiff's counsel asked him to tell whether in his opinion hospitalization was necessary up to October 16th because of her injuries, defendant's counsel objected because Dr. Granzeau was not her doctor at that date. The objection was sustained and appellant's counsel is not quite fair when he says in his brief that "the attending physician, Dr. H. W. Granzeau, made no attempt to connect her pro-

tracted hospitalization with the injuries she sustained in the accident."

The appellant has objected to pain and suffering allowances because supported by subjective symptoms instead of medical evidence. In *Bethke v. Duwe* (1950), 256 Wis. 378, 383, 41 N. W. (2d) 277, we held that where the testimony concerned pain alleged to have been suffered *in the past,* medical testimony is not essential to support the verdict as to the fact if the jury believes the sufferer.

The allowance of loss of earnings is reasonably based upon the plaintiff's earnings in 1955 before the accident, projected for actual time lost during total disability and a further allowance for time when the plaintiff could only work part time. It is a matter for the jury to believe or disbelieve the injured party who says that she was not able to work at all or that she could not work full time sooner than she did.

Plaintiff's testimony is credible that the partial loss of the finger impairs her work as waitress. It certainly may be a disfigurement in passing plates to customers, and some allowance may properly be made there. The loss of the member is properly included in the verdict's question concerning allowance for "personal injuries."

This applies also to the scar around plaintiff's eye which defendant describes to us as being "a mildly disfiguring scar," and would have us infer that it is trivial. He called his medical expert to give an opinion whether he considered this a disfiguring scar and that doctor answered that it was not so bad. This opinion need not conclude the jury which could look and form opinions of their own. Counsel for plaintiff asked the plaintiff to show her face to the jury. Defendant's counsel objected "as magnifying, prejudicial." The objection that a sight of the scar would inflame the jury appears now to be inconsistent with the present attempt to convince us that there is only mild disfigurement.

There are numerous other instances of rulings on evidence and remarks of counsel which appellant regards as erroneous. It is unnecessary to discuss more of them. We have studied the record and consider that appellant was not prejudiced by such rulings.

The contention that the allowance of damages is excessive is subject to the principle we stated in *Bethke v. Duwe, supra,* page 384:

" 'In actions sounding in damages merely, where the law furnishes no legal rule for measuring them, the amount to be awarded rests largely in the discretion of the jury, and with their verdict the courts are reluctant to interfere. As shown elsewhere, a verdict may be set aside as excessive by the trial court or on appeal when, and not unless, it is so clearly excessive as to indicate that it was the result of passion, prejudice, or corruption, or it is clear that the jury disregarded the evidence or the rules of law.' "

The trial court saw and heard the plaintiff and it permitted the verdict to stand. We find no adequate reason for interfering with it.

*By the Court.*—Judgment affirmed.